**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-8065 |
| v. | District of Wyoming |
| JOSE IGNACIO ALVAREZ-ALVAREZ, | (D.C. No. 03-CR-99-WFD) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Jose Alvarez-Alvarez pleaded guilty to five counts related to the possession

and distribution of methamphetamine and the possession of a firearm. At his

sentencing hearing, Mr. Alvarez-Alvarez moved for several downward departures,

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

including ones for cultural assimilation and for extraordinary family circumstances. The district court denied his motions for downward departures and imposed a sentence of 190 months. Mr. Alvarez-Alvarez appeals, and we **AFFIRM**.

## Background

On November 20, 2003, the grand jury returned a six-count superseding indictment charging Mr. Alvarez-Alvarez with conspiracy to possess methamphetamine with the intent to distribute (Count 1), possession of methamphetamine with the intent to distribute (Count 2), distribution of methamphetamine (Count 3), being a felon in possession of a firearm (Count 4), being an illegal alien in possession of a firearm (Count 5), and using or carrying a firearm while committing a drug trafficking offense (Count 6). During trial in March 2004, Mr. Alvarez-Alvarez entered into a plea agreement in which he pleaded guilty to Counts 1-5 and the government agreed to dismiss Count 6. The district court held a sentencing hearing on June 2, 2004.

At the sentencing hearing, Mr. Alvarez-Alvarez requested numerous downward departures, among them ones for cultural assimilation and for extraordinary family circumstances. Mr. Alvarez-Alvarez explained that, although he is an illegal alien, he moved to the United States with his family when he was less than one year old, attended schools in the United States, and

speaks fluent English. He elaborated that his brothers and sisters are United States citizens, his parents lawfully reside in the United States, and he has four children who are United States citizens. In his sentencing memorandum presented to the district court, he argued that he was entitled to a departure because of his "very tragic upbringing." During his childhood, his family was extremely poor and he was the victim of physical abuse. The district court judge found no basis for departure based on either extraordinary family circumstances or cultural assimilation, explaining that because he had handled "scores of cases" where the defendant had the same difficulties, Mr. Alvarez-Alvarez's experiences were "nothing outside the heartland."

The district court found that Mr. Alvarez-Alvarez's offense level was 32, and his criminal history category was IV, which leads to a guidelines range of 168-210 months' imprisonment. Finding "more than a sufficient factual basis to accept [Mr. Alvarez-Alvarez's] plea of guilty," the district court imposed a sentence in the middle of the guidelines range, 190 months' imprisonment. The district court explained to Mr. Alvarez-Alvarez that "[t]he sentence to be imposed" was "a severe one" that the judge thought was "entirely merited." A sentence "in the mid-range of this guideline range," the court said, was "sufficient deterrence and [would] adequately protect[] the community . . . for the foreseeable future." Sent. Tr. 31.

A final judgment was filed on June 9, 2004. Mr. Alvarez-Alvarez filed a timely notice of appeal on June 18, 2004 and submitted his opening brief on October 15, 2004. In his opening brief, Mr. Alvarez-Alvarez claimed that the district court erred in denying his motions for downward departures on the basis of extraordinary family circumstances and cultural assimilation. On December 1, 2004, Mr. Alvarez-Alvarez filed a pro se supplemental brief requesting resentencing in light of lower courts' interpretations of *Blakely v. Washington*, 542 U.S. 296 (2004), which we also construed as a motion for leave to file a supplemental brief. We granted his motion to file a supplemental brief on December 2, 2004.[1]

On December 8, 2005, counsel for Mr. Alvarez-Alvarez moved again for leave to file a supplemental brief and filed a second supplemental brief. The second supplemental brief included three arguments: (1) that the district court erred, under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), in treating the sentencing guidelines as mandatory, (2) that the district court erred in allowing Mr. Alvarez-Alvarez to be convicted on more than one count of gun

---

[1]This case was referred to this panel for decision on December 2, 2004. Unfortunately, Mr. Alvarez-Alvarez's case was erroneously captioned in our docketing system as *United States v. Payton*, an appeal involving his co-defendant. This error came to our attention on December 8, 2005, when Mr. Alvarez-Alvarez's counsel filed a second supplemental brief. We apologize for our delay in addressing Mr. Alvarez-Alvarez's claims.

possession because there was only one gun, and (3) that the district court erroneously added two criminal history points for misdemeanors that should not have been counted.

### Discussion

We deny Mr. Alvarez-Alvarez's motion to file a second supplemental brief with respect to the second two claims. Mr. Alvarez-Alvarez could have raised these issues one year ago in either his opening brief or his first supplemental brief, he has presented no explanation for his failure to do so, and we therefore decline to consider them now. We grant the motion to file a second supplemental brief on the *Booker* claim. Because *Booker* applies to "all cases on direct review," *Booker*, 125 S. Ct. at 769, we are required to consider whether the district court's mandatory application of the guidelines was erroneous.

Mr. Alvarez-Alvarez contends that the district court abused its discretion by denying his motions for downward departures based on his exceptional family circumstances and his cultural assimilation. As the government asserts, we cannot address the merits of this claim because the district court denied the departures in an exercise of discretion. *See United States v. Dias-Ramos*, 384 F.3d 1240, 1242-43 (10th Cir. 2004) (noting that in the Tenth Circuit an appellate panel has jurisdiction to review the denial of a requested departure only where the

district court makes "an unambiguous statement that a category of requested departures, as a matter of law, never constitutes valid grounds for departure"). The district court never stated that it lacked authority to grant a departure for the circumstances presented in Mr. Alvarez-Alvarez's case. Instead, the district court stated that it had "looked at the case law, taken the time to [look at what was] cited by counsel, and [yet did] not believe there [was] a basis for departure based on either extraordinary family circumstances or cultural assimilation." Sent. Tr. 28. The court further noted that Mr. Alvarez-Alvarez's case was similar to "scores of cases" the judge had handled, and this case was "nothing outside the heartland of those kinds of cases." *Id.* These statements indicate that the district court exercised its discretion in denying Mr. Alvarez-Alvarez's request for downward departures.

Because Mr. Alvarez-Alvarez's case was pending direct appeal when the Supreme Court decided *United States v. Booker*, we next consider whether the district court's mandatory application of the sentencing guidelines requires a remand for resentencing. We review this claim for plain error because Mr. Alvarez-Alvarez did not object to the mandatory application of the guidelines below. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or

public reputation of judicial proceedings." *Id.* (internal quotation marks and citations omitted).

The error that occurred in Mr. Alvarez-Alvarez's sentencing proceeding was non-constitutional *Booker* error. Non-constitutional *Booker* error occurs when a district court applies the guidelines in a mandatory, rather than discretionary, fashion. *Gonzalez-Huerta*, 403 F.3d at 731-32. This error, although plain, did not affect Mr. Alvarez-Alvarez's substantial rights because it did not affect the outcome of the district court proceedings. *See id.* at 732. The district court considered and rejected several grounds for downward departures. Nonetheless, the district court decided to sentence Mr. Alvarez-Alvarez in the middle of the guidelines range. The district court stated that the 190-month sentence "is entirely merited," and there is no reason to think the district court would impose a lighter sentence on remand. Accordingly, the non-constitutional *Booker* error did not affect Mr. Alvarez-Alvarez's substantial rights and he is therefore not entitled to resentencing.

## Conclusion

For the foregoing reasons, the judgment of the United States District Court for the District of Wyoming is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge